IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL EVALUATION SYSTEMS, INC., )
d/b/a NES,                          )
                                    )
            Plaintiff,              )    Civil Action No. _____
                                    )
      v.                            )
                                    )    COMPLAINT FOR SERVICE
NES, LLC, d/b/a NATIONAL EDUCATIONAL)    MARK INFRINGEMENT,
SERVICE,                            )    UNFAIR COMPETITION, DECEPTIVE
                                    )    TRADE PRACTICES, DILUTION,
            Defendant.              )    AND BREACH OF CONTRACT

Plaintiff, through its undersigned counsel, alleges that:

**FILING FEE PAID:**
RECEIPT #____305901____
AMOUNT $____250.00____
BY DPTY CLK_____
DATE____4/5/05____

## PARTIES

1.    Plaintiff National Evaluation Systems, Inc., d/b/a NES (hereinafter "National Evaluation"), is a corporation organized under the laws of the Commonwealth of Massachusetts. Plaintiff National Evaluation has a principal place of business at 300 Venture Way, Hadley, MA 01035.

2.    Upon information and belief, Defendant NES, LLC, d/b/a National Educational Service (hereinafter "National Educational"), is a limited liability company organized under the laws of Indiana. Defendant National Educational has a principal place of business at 304 West Kirkwood, Bloomington, IN 47404.

- 1 -

## JURISDICTION AND VENUE

3.      This is a multiple action infringement of a federally registered service mark under the federal Trademark or "Lanham" Act of 1946, 15 U.S.C. § 1114(1)(a); for unauthorized use of a term, for false descriptions of origin and for false or misleading descriptions or representations of fact ("unfair competition") under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); for dilution of the distinctive quality of services under the Massachusetts Anti-Dilution Statute, Mass. Gen. L. c. 110B, § 12; and for deceptive trade practices under Mass. Gen. L. c. 93A, § 2; and, for breach of contract under common law.  Jurisdiction is conferred on this court under 15 U.S.C. § 1125(a)(1) (false advertising); and 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark infringement), 1338(b) (unfair competition).

4.      With respect to the non-federal claims, the Court has original and ancillary jurisdiction under 28 U.S.C. §§ 1338(b) and 1332(a).

5.      Upon information and belief, the Defendant has used a colorable imitation of "NES" to promote Defendant's services, to offer to sell its services, and to conduct its services in Massachusetts.  For example, see http://www.nesonline.com/Public/eLearning/Start.asp in which Massachusetts residents can register for, and take, online courses from an "NES Online Course Catalog".  Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff National Evaluation began doing business in 1972. It is a well-known educational testing company that develops and administers customized teacher certification testing programs and other assessment programs in higher education.

7.      Plaintiff's work covers assessments in more than one hundred content fields, professional teaching skills, and the basic skills of reading, writing, and mathematics.

8.      Plaintiff's contracts span the country and have included the states of California, Colorado, Illinois, Massachusetts, Michigan, New York, Oklahoma, and Texas.

9.      Plaintiff National Evaluation conducts conferences of professional educators. Plaintiff National Evaluation also provides publications, reports, and other written materials resulting from these conferences.

10.     Plaintiff National Evaluation also hosts an annual conference that explores current educational topics and is attended by education professionals from across the country. Plaintiff National Evaluation publishes a monograph of the proceedings of this conference for distribution in the market place.

11.     Plaintiff National Evaluation maintains its visibility in the marketplace in a variety of ways, including, but not limited to:

- interactions with state education agencies;

- participation in and exhibition at educational conferences and trade shows throughout the country;

- publication and distribution of informational brochures, program bulletins, preparation guides and other materials; and

- 3 -

- advertisements in many trade journals and magazines, and references in articles related to education/teacher certification testing.

12.    Some publications of Plaintiff National Evaluation are available on Plaintiff National Evaluation's own website, www.nesinc.com.

13.    In addition, personnel recruitment postings for Plaintiff National Evaluation may be found both in education trade journals and online at www.nesinc.com.

14.    Plaintiff National Evaluation obtained a federal service mark registration on the Principal Register, Registration No. 1,544,989, issued June 20, 1989 by the U.S. Patent and Trademark Office, for NES® for "development and administration of academic testing programs" (copy attached as Exhibit A). That federal registration provides Plaintiff with the exclusive right to use NES® throughout the United States in connection with development and administration of academic testing programs, and with related goods or services.

15.    In 1995, Plaintiff filed the necessary paperwork with the U.S. Patent and Trademark Office (the "Trademark Office") to show U.S. Registration No. 1,544,989 had become incontestable pursuant to §§ 8 and 15 of the Lanham Act and 37 C.F.R. §§ 2.167-2.168. The Trademark Office accepted that paperwork, whereupon the mark became incontestable. See the attached copy of the official notice dated October 23, 1995, from the Trademark Office, marked Exhibit B.

16.    Plaintiff National Evaluation has been continuously using its NES® service mark since May 22, 1972 in connection with development and administration of academic testing programs and related educational materials. *The Official THEA® Test Study Guide* and its predecessor, *The Official TASP® Test Study Guide,* are among the most visible of Plaintiff National Evaluation's publications, and are sold in bookstores across the country. Plaintiff National

- 4 -

Evaluation has also developed training materials and procedural documents for a variety of purposes, including test development, test administration, and scoring.

17.     Among other things, Defendant National Educational offers educational "NES" publications (*e.g.*, study guides), and online "NES" courses (which Defendant administers), to teachers for professional development

18.     Defendant National Educational also offers assessment training to teachers, through an affiliated company, Assessment Training Institute. The following is an excerpt from a "links" section, http://www.nesonline.com/Public/Partners/Link.asp, on Defendant's website:



(See copy of entire section, http://www.nesonline.com/Public/Partners/Link.asp, attached as Exhibit C.) The bulleted "Assessment Training Institute" line represents a link to Assessment Training Institute's website.

19.     Upon information and belief, Defendant National Educational markets its goods and services (directed to academia) in ways that overlap with Plaintiff's marketing efforts. For example, Defendant National Educational sells through, advertises, or is written about, in some of the same trade journals or magazines related to the types of educational issues that are of interest to clients or

- 5 -

potential clients of Plaintiff National Evaluation. In addition, Defendant operates an Internet website with the domain name "nesonline.com."

20. Upon information and belief, Defendant National Educational continued their improper use of "NES" after being notified about Plaintiff's incontestable registration for NES®.

21. Clearly, Plaintiff and Defendant are both using the service mark "NES" in connection with the development and administration of academic testing programs (*e.g.*, tests and courses for teachers) and related goods (*e.g.*, study guides for teachers). Their customers overlap, evidenced by Defendant's web site enticing Massachusetts teachers to register for and take online courses from a "NES Online Course Catalog." Plaintiff and Defendant National Educational often advertise, or are written about, in journals and magazines geared toward the same audience, thereby creating confusion.

22. Plaintiff believes that some of its customers and competitors, upon seeing Defendant National Educational's flyers, website or other advertisements, are likely to think that Defendant's "NES" is somehow connected with, endorsed by, or is actually the Plaintiff; that the mark "NES" might be unregistered since Defendant does not use an ® after "NES." Such mistaken impression and unauthorized usage dilutes the value of Plaintiff's registered NES® service mark.

23. Defendant has acted in willful, wanton and deliberate disregard of the ownership interests of Plaintiff. Defendant has done so in total disregard of the confusion that its actions have caused, or will likely cause, in the marketplace. As a result, Plaintiff has suffered, or will suffer substantial damages.

24.     Unless restrained or enjoined by this Court, Defendant's actions will continue and perhaps escalate. Moreover, Defendant's actions might induce or invite other unauthorized uses of Plaintiff's registered service mark.

25.     It would be difficult to ascertain adequate relief at law from the continuing acts of Defendant. Also, it is highly speculative whether Defendant would be able to pay total damages for eroding or destroying the commercial value of Plaintiff's registered service mark. Plaintiff's remedy at law is therefore probably inadequate to compensate it for the damages threatened.

## COUNT I - FEDERAL SERVICE MARK INFRINGEMENT

26.     Plaintiff National Evaluation hereby re-alleges, as if fully set forth, the allegations of paragraphs 1-25.

27.     Plaintiff is the owner of incontestable U.S. Service Mark Reg. No. 1,544,989 (see Exhibit A), on the Principal Register, for NES® for development and administration of academic testing programs. That federal registration issued on June 20, 1989, which predates Defendant's first usage of Plaintiff's registered NES® mark as the trade name for Defendant's own development and administration of academic programs.

28.     The unauthorized usage, by Defendant National Educational, of Plaintiff's registered NES® mark is likely to cause confusion, to cause mistake, or to deceive.

29.     Upon information and belief, Defendant's unauthorized usage of Plaintiff's registered NES® mark has caused confusion, mistake or deception.

30.     Defendant's actions constitute unauthorized use in commerce of a federally registered service mark, which is likely to cause confusion, mistake or deception, in violation of 15 U.S.C. § 1141(1)(a).

- 7 -

## COUNT II - UNFAIR COMPETITION
## UNDER "LANHAM ACT"

31.     Plaintiff National Evaluation hereby re-alleges, as if fully set forth, the allegations of

paragraphs 1-25.

32.     Defendant, in National Educational's website, has identified the "NES" service

mark as its own trade name. (See, *e.g.*, an attached copy of some attached pages from Defendant

National Educational's website, marked Exhibit C.)  By referring to Plaintiff's registered service

mark in their corporate name (NES, LLC), nickname (NES) and domain name (nesonline.com),

Defendant has linked their services to Plaintiff.

33.     The foregoing acts of Defendant in identifying its services with Plaintiff's registered

NES® mark damage the goodwill established by Plaintiff in the mark.  Defendant's acts constitute

false designations of origin and false or misleading descriptions (*e.g.*, **"NES is proud to partner**

**with:** ... Assessment Training Institute") or representations of fact, which are likely to cause (and

which have caused) confusion, mistake, or deception, as to the affiliation, connection, or association

of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services by

Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).


## COUNT III - DECEPTIVE TRADE PRACTICES
## UNDER MASSACHUSETTS STATUTE

34.     Plaintiff National Evaluation hereby re-alleges, as if fully set forth, the allegations of

paragraphs 1-25.

35.     Defendant's activities complained of are in violation of Mass. Gen. L. c. 93A, § 2.

- 8 -

## COUNT IV - DILUTION UNDER
## MASSACHUSETTS STATUTE

36.    Plaintiff hereby re-alleges, as if fully set forth, the allegations of paragraphs 1-25.

37.    Plaintiff's service mark, as described above, is distinctive and constitutes a mark valid at common law. The foregoing acts of Defendant in identifying their goods and services with colorable imitations of Plaintiff's service mark lessens the capacity of Plaintiff's service mark to distinguish Plaintiff's goods and services identified thereby from those of the competition. As such, Defendant's actions constitute dilution of Plaintiff's rights in its service mark, in violation of the Massachusetts Anti-dilution statute, Mass. Gen. L. c. 110B, § 12.

## COUNT V - BREACH OF CONTRACT

38.    Plaintiff National Evaluation hereby re-alleges, as if fully set forth, the allegations of paragraphs 1-25.

39.    On or about December 26, 1989, Plaintiff, through its undersigned counsel, sent a cease and desist letter to Defendant National Educational. In that letter, Plaintiff explained about its registered NES® mark and demanded that Defendant National Educational stop using "NES". (See copy of letter attached as Exhibit D.)

40.    On or about January 8, 1990, Defendant National Educational, in a letter directed to Plaintiff, offered to stop using Plaintiff's "NES" mark alone and to thereafter only use "NES" as part of a logo that included the full name, "National Educational Service." (See copy of letter attached as Exhibit E.) In return, Plaintiff agreed to forego litigation if Defendant National Educational abided by the agreement.

- 9 -

41.      Hence, there was an offer with specific terms, consideration for both parties and acceptance by both Defendant National Educational and Plaintiff National Evaluation constituting a contract.

42.      On or about June 8, 1999, Plaintiff, through its counsel, forwarded a letter to Defendant National Educational, informing Defendant National Educational that Defendant was again using the "NES" in an infringing manner. (See copy of letter attached as Exhibit F.)

43.      Defendant National Educational replied in a letter dated June 16, 1999 from its then current owner, that it would not use the "NES" mark without using the full National Educational Service name. (See copy of letter attached as Exhibit G.)

44.      On or about September 15, 2004, Plaintiff again became aware of Defendant National Educational's usage of the "NES" mark in the exact manner Defendant National Educational contracted not to do, *i.e.*, without the full National Educational Service name. Plaintiff saw an advertisement in Education Week. Plaintiff also received a telephone call from a professional colleague who saw the ad and initially thought it belonged to Plaintiff, causing confusion.

45.      Defendant's continued infringement of the "NES" mark constitutes a breach of the 1990 contract reached between the parties and subsequent written confirmation of that agreement by Defendant in 1999.

46.      Plaintiff has included this Count V as an alternative argument. Plaintiff's preference is to stop Defendant's usage of "NES" entirely. If an injunction is not granted, Plaintiff seeks specific performance for breach of contract, under common law.

- 10 -

## PRAYER FOR RELIEF

47.     WHEREAS, Plaintiff asks:

a.     that Defendant, and any other persons acting in concert with Defendant, be permanently enjoined and restrained:

i.     from using the acronym "NES" or any confusingly similar designation, alone or in combination with any other term or as part of a logo, in connection with its goods and services, including but not limited to courses, publications and assessments offered to educators and the educational community;

ii.     from purporting to be/representing itself as the owner of, or otherwise authorized to use Plaintiff's NES® mark, or any colorable imitation thereof, in connection with any courses, publications and assessments offered to educators and the educational community;

iii.     from performing any actions or using any words, names, styles, titles or marks which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that Plaintiff and Defendant are one and the same or are in some way connected, or that Plaintiff is a sponsor of Defendant's, or that Defendant is in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the services and goods of Defendant originates with Plaintiff or are conducted or offered with the approval, consent or authorization of Plaintiff, or under the supervision of Plaintiff, or are likely in any way to lead the trade or the public to associate Defendant with Plaintiff;

iv.    from using any acronyms, words, domain names, titles or marks which create a likelihood of injury to the business reputation of Plaintiff, or a likelihood of dilution of Plaintiff's NES® mark and the goodwill associated therewith; and

v.    from using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and the goodwill appertaining thereto;

b.    that the Defendant be ordered:

i.    to deliver up for destruction all marketing materials, advertisements, brochures, catalogs, promotional materials, and any and all other items which bear or use Plaintiff's NES® mark, or a colorable imitation thereof, or any other acronym, name, term and/or logo or design confusingly similar to Plaintiff's NES® mark, together with all plates, molds, computer disks, and other means and materials for making or reproducing any such mark;

ii.    to notify Defendant's customers that the "NES" services and goods promoted and/or offered by Defendant were in no way connected with Plaintiff, but utilized an imitation of Plaintiff's registered mark; and

iii.    to file with the Court and serve Plaintiff, within ten (10) days after the date of any injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendant has complied with the injunction;

c.    that, as an alternative to the relief sought above, Defendant be held to specific performance of its contract with Plaintiff, whereby Defendant shall immediately

- 12 -

cease using "NES" except as part of a logo containing the phrase National Educational Service;

      d.     that judgment be rendered jointly and severally against the Defendant:

          i.     for all profits received by Defendant and all damages sustained by Plaintiff on account of Defendant's actions; and, furthermore, that such profits and damages be trebled, if appropriate; and

          ii.     for punitive damages, if appropriate, in the amount of Five Million Dollars ($5,000,000) by reason of Defendant's other willful and tortious acts complained of herein;

      e.     that the Plaintiff receive its costs in this action, including an award of its reasonable attorneys' fees, if appropriate; and

      f.     that the Court grant such other and further relief as it shall deem just.

Respectfully submitted,

Donald S. Holland, Esq.
BBO No. 238120
HOLLAND & BONZAGNI, P.C.
171 Dwight Road
Longmeadow, MA 01106
(413) 567-2076
DSH@hblaw.org
Counsel for Plaintiff

Date: April 4, 2005

[04172L/0001.B]

- 13 -



Nọ 1544989

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twentieth day of June, 1989.

**EXHIBIT**

tables    *A*

*Donald J. Quigg*

Commissioner of Patents and Trademarks

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the*



Int. Cl.: **42**

Prior U.S. Cl.: **100**

Reg. No. **1,544,989**

## United States Patent and Trademark Office    Registered June 20, 1989

### SERVICE MARK
### PRINCIPAL REGISTER

## NES

NATIONAL EVALUATION SYSTEMS, INC. (MASSACHUSETTS CORPORATION)
30 GATEHOUSE ROAD
AMHERST, MA 01002

FOR: DEVELOPMENT AND ADMINISTRATION OF ACADEMIC TESTING PROGRAMS, IN CLASS 42 (U.S. CL. 100).

FIRST USE 5-22-1972; IN COMMERCE 5-22-1972.

SER. NO. 760,456, FILED 10-28-1988.

WAI BUI ZEE, EXAMINING ATTORNEY



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

REGISTRATION NO.  1544989      SERIAL NO. 73/760456        PAPER NO.
                                                    MAILING DATE:  10/23/95

MARK: NES

REGISTRANT:  NATIONAL EVALUATION SYSTEMS, INC.

CORRESPONDENCE ADDRESS:
  DONALD S. HOLLAND
  LONGMEADOW PROFESSIONAL PARK
  171 DWIGHT ROAD
  LONGMEADOW, MA  01106

*Received*

*OCT 17 1995*

*Holland & Bonzagni, P.C.*

Please furnish the following
in all correspondence:

1. Your phone number and zip code.
2. Mailing date of this action.
3. Affidavit-Renewal Examiner's name.
4. The address of all correspondence
   not containing fees should include
   the words "Box 5".
5. Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

*PAEverett*

  PATRICIA ANN EVERETT
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500  EXT. 42

EXHIBIT
tabbies
B



**EXHIBIT**
C

## NATIONAL EDUCATIONAL SERVICE

Catalog | Professional Development | Conferences | Online Course | Message Board | About NES | Links | Home

· Cart · My Account · Email NES
· 0 Items in Your Cart · Check Out

[ ] Search

Advanced Search

**Coming Soon**

On Common Ground: The Power of Professional Learning Communities



*On Common Ground* brings together the experience and strategies of school improvement authorities **ROLAND BARTH, REBECCA DUFOUR, RICHARD DUFOUR, ROBERT EAKER, BARBARA EASON-WATKINS, MICHAEL FULLAN, LAWRENCE LEZOTTE, DOUGLAS REEVES, JONATHON SAPHIER, MIKE SCHMOKER, DENNIS SPARKS,** and **RICK STIGGINS.**

**Preview the foreword of *On Common Ground*, written by Mike Schmoker**

**Free *Whatever It Takes* Study Guide**

**Free Online Course Preview**

**Free *PLC at Work***

### NES is proud to partner with
by



Category
ItemNo A445
**ISBN** none
**Price** $0.00

Add to shopping cart

Continue shopping

**Description**

# NES is proud to partner with:

• Agency for Instructional Technology is an educational organization that develops, acquires, and distributes technology-based resources and provides leadership to the educational technology community.

• Assessment Training Institute provides educators with classroom assessment training, books and interactive videos critical to balanced assessment systems and improved student learning.

• Crisis Management Institute services include crisis response, trauma intervention and violence prevention at the time of need as well as training and technical assistance in planning and development stages.

• Effective Schools The vision and mission of Effective schools Products, Ltd. Is All children can learn. They provide high quality consulting services and publishing the newest and best research available to teachers, principals, and administrators across the U.S. and Canada.

Rick Durour-Richard Durour

- QLD Learning brings an integrated set of data-driven decision making tools and services to the K-12 education community. They provides on-site training and helpful resources.

## Study Guide

## Sign-up for the free NES E-newsletter!

**Canadian Pricing Now Available**

**Canadian Catalog and Order Form**

 Welcome Canadian customers. We are proud to announce the new National Educational Service Canada Inc. in Vancouver, B.C. and our new Canadian catalog and pricing.

**NES is proud to partner with**

 **NES is proud to partner with:**

- Agency for Instructional Technology
- Assessment Training Institute
- Crisis Management Institute
- Effective Schools
- QLD Learning

**Now Available**

**CSR Service Component Documents**

 **CSR Model Information**

**CSR Service Component Documents**

Download documents describing the components of both the PLC and Effective Schools improvement models. Simply provide your registration information to access our free downloadable pdf documents.

Copyright© 2005 NES,LLC
All rights reserved.

Law Offices of
# DONALD S. HOLLAND
Registered Patent Attorney
PATENTS/TRADEMARKS/COPYRIGHTS/RELATED MATTERS

*Donald S. Holland*
*Malcolm J. Chisholm, Jr.*
*Mary R. Bonzagni*

December 26, 1989



Alan Blankenstein
President
National Educational Services
P.O. Box 8
Bloomington, IN  47402

Re:  NES® Infringement Matter - Our Docket No. 88092T

Dear Mr. Blankenstein:

Please be advised that this firm represents National Evaluation Systems, Inc. of Amherst, MA.  National Evaluation Systems has empowered us to stop all unauthorized usage of its service mark, NES®, by its competitors.

On June 20, 1989, the U.S. Patent and Trademark Office issued a federal service mark registration to National Evaluation Systems (U.S. Reg. 1544989 - copy attached as Exhibit 1) for its acronym NES®.  That federal registration codifies National Evaluation System's prior common-law trademark rights and gives it the exclusive right to use NES® for development and administration of academic testing programs, as well as related services to the education community.

National Evaluation Systems has been using its NES® mark for over seventeen (17) years.  They expressly informed you on October 3, 1988, of actual confusion caused by your use of their NES® mark and requested that your unauthorized usage cease (copy of letter attached as Exhibit 2).  You failed to cooperate, at that time, although you acknowledged use of "NES" as a mark for services related to education.  (Copy of your October 17, 1988 letter attached as Exhibit 3.)

Consequently, there is no doubt that you are a willful infringer, from at least as early as October 17, 1988.  Your unlawful usage of my client's federally registered mark has been for closely related services in identical channels of trade. Actual confusion has already been documented and continued, increased confusion is inevitable.  The damages you have caused National Evaluation Systems, through your willful conduct, are growing daily.

Alan Blankenstein                    -2-                    December 26, 1989

        In view of the economic importance of the registered NES®
mark to National Evaluation Systems, we cannot allow your
unauthorized usage to continue.  My client has requested expedited
handling of this matter by me.  It has instructed me to be firm,
yet fair.

        Your unauthorized use of "NES" clearly constitutes
infringement of my client's trademark rights.  Moreover, it
constitutes unfair competition by falsely designating the origin
of your services.  See 15 U.S.C. § 1125(a).

        It would be an extremely simple matter for us to go to
court to stop your usage and seize any material utilizing the mark.
If that becomes necessary, we would also seek our attorney's fees
and an award of treble damages, both of which are provided for
under federal trademark law (the "Lanham Act").  As any competent
trademark counsel will tell you, the risk to you (including your
own attorney's fees, which would not be recoverable to you in any
instance) would probably be a minimum of $50,000-$75,000, and could
easily exceed $100,000.

        Kindly contact me by January 31, 1990 to confirm that
you have ceased all advertising utilizing "NES" and to explain that
you will be immediately switching your mark.  If we receive a
satisfactory reply from you by that date, we will permit a short
phase-out period for you to inform your clients of the switch, and
to dispose of some existing stock of infringing material.  However,
if we do not receive a satisfactory reply, we will be forced to
take legal action in court.

        I urge you to consult your trademark counsel.  They
should be able to verify everything in this letter.  Moreover, they
should be able to confirm that this matter is pretty much an "open-
and-shut" case.

                        Sincerely yours,

                        Donald S. Holland

DSH:lg
Enclosures
RETURN RECEIPT REQUESTED
cc & enc:  William P. Gorth
[88092T01]



Int. Cl.: 42

Prior U.S. Cl.: 100

Reg. No. 1,544,989

## United States Patent and Trademark Office

Registered June 20, 1989

### SERVICE MARK
### PRINCIPAL REGISTER

## NES

NATIONAL EVALUATION SYSTEMS, INC. (MASSACHUSETTS CORPORATION)
30 GATEHOUSE ROAD
AMHERST, MA 01002

FOR: DEVELOPMENT AND ADMINISTRATION OF ACADEMIC TESTING PROGRAMS, IN CLASS 42 (U.S. CL. 100).

FIRST USE 5–22–1972; IN COMMERCE 5–22–1972.

SER. NO. 760,456, FILED 10–28–1988.

WAI BUI ZEE, EXAMINING ATTORNEY



EXHIBIT
1

# *National Evaluation Systems, Inc.*

3 October 1988

Mr. Alan Blankenstein
President
National Educational Services
P.O. Box 8
Bloomington, IN  47402

Dear Mr. Blankenstein:

It was recently brought to my attention that your company is using an
acronym and logo that my company, National Evaluation Systems, Inc., has
been using for many years.  In fact, this information was directed to me
by a client who, upon reviewing some of your materials, initially thought
they were our own.

National Evaluation Systems has been in business for 17 years, has used
the same name, acronym, and logo since its inception, and has built a
reputation over that time based on these marks.  Naturally, I am concerned
about any confusion that may occur when clients or potential clients see
your materials and associate them with National Evaluation Systems.
Therefore, I am requesting that you stop using these marks and that you
notify me by 17 October 1988 of your intention to stop using the marks.  I
understand that the process of changing the marks cannot occur
immediately, therefore; I am willing to allow a one-month phase-out
period.

I look forward to hearing from you by October 17.  If I do not receive a
response by then I will turn this matter over to our patent attorney.

Sincerely yours,

William Phillip Gorth, Ph.D.
President

WPG/haw/1584u





*Mailing Address:*
*Post Office Box 226*
*Amherst, Mass. 01004*

*30 Gatehouse Road,*
*Amherst, Mass. 01002*
*Telephone: (413)256-0444*



*National Educational Service*

Post Office Box 8
Bloomington, IN 47402
(812) 336-7700

Dr. William Gorth
National Evaluation Systems, Inc.
30 Gatehouse Road
Post Office Box 26
Amherst, Mass.  01004

                              October 17, 1988.

Dear William:

I had the impression from our telephone conversation that you and
I will be able to resolve this acronym/logo situation without too
much difficulty  - and  without involving  our attorneys.   I was
positively impressed with  your  reasonableness  and  openness to
finding a solution.

This letter  provides you with a copy of our logo, which I'm sure
you'll agree was not modelled after yours and is quite different.
I am  also enclosing  some of  our direct mail pieces which, as I
mentioned, only use the NES acronym for mailing purposes, and
only  when  we  do  joint  mailing  with  other  organizations.
Otherwise, our name is spelled out in all of our materials.

Finally, enclosed you will find our  brochure.   This should give
you a  better  idea  of  our  mission.   I hope that these materials
help lead to a  mutually agreeable  resolution to  any qualms you
may have.   Please contact me when you have had time to look over
the enclosed material.

                         Sincerely,

                         Alan M. Blankstein





*National Educational Service*

First West Third Street
Post Office Box 8
Bloomington, IN 47402
(812) 336-7700

January 8, 1990

William Phillip Gorth
President
National Evaluation Systems
30 Gatehouse Road
Amherst, MA 01002

Dear Bill:

I appreciated speaking with you today regarding our plans to phase out our NES logo. It was a productive and positive conversation which indicates to me that we can easily avoid the courts if we so desire.

As I explained to you, the young men from the mail room who picks up our mail from the post office did not sign for a certified package that apparently came from your attorney and was addressed to me. I, therefore, am not fully clear on the contents of the envelope. Nevertheless, as I mentioned to you, we are planning to phase out our logo, for several reasons, as we redefine and reposition ourselves in the market.

Since we have almost $100,000 currently in inventory, and 20,000 customers to contact regarding this change, I am anticipating that the complete phase-out period will take about eight months. Our goal is to have our new logo on all new materials by September 1, 1990. The only materials that I can think of which will have the old NES logo beyond that point are copies of two of our 1989 publications still in stock, and the videotape of "Shaping America's Future" which featured Governor Rudy Perpich, the Vice President of General Motors, former NEA President, Mary Futrell, and New City Schools Chancellor Richard Green, among others (see enclosed for complete list) having a dialogue in front of our NES banner. The sales from these items will be minimal.

Between now and the beginning of September you can be certain that, when we are obliged to use our current logo, it will be accompanied by our full name, "National Educational Service." You can also be assured that, if during that time there is any confusion in the market place, my company will not be diluting the fine reputation of your organization. We, too, have an excellent reputation in the market and, as can be ascertained from the enclosed materials, we deal with the most prestigious and credible of organizations and leaders in the country. I hope that this is all to your satisfaction.

Sincerely,

*Alan M. Blankstein*

Alan M. Blankstein
President

EXHIBIT
E

# HOLLAND & BONZAGNI, P.C.
## Registered Patent Attorneys
PATENTS/TRADEMARKS/COPYRIGHTS/RELATED MATTERS

**Attorneys**
*Donald S. Holland*
*Mary R. Bonzagni*
**Legal Assistant**
*Cari A. Portuese*

June 8, 1999

<u>VIA CERTIFIED MAIL</u>



Alan M. Blankenstein
President
National Educational Service, Inc.
1252 Loesch Road
Bloomington, IN 47404

Re:    Improper Use of NES® - Our Docket Nos. 91084G, 88092T

Dear Mr. Blankenstein:

Back in 1989-1990, we communicated about changing National Educational Service's "NES" logo so that customers would not confuse it with National Evaluation Systems' federally registered NES® acronym. See the enclosed copies of my December 26, 1989 packet to you and your January 8, 1990 reply to NES®'s president, William Gorth.

In your letter to Dr. Gorth, you had assured National Evaluation Systems that:

> Between now and the beginning of September [1990] you can be certain that, when we are obliged to use our... logo, it will be accompanied by our full name, "National Educational Service."

National Evaluation Systems accepted that settlement offer, *in lieu* of litigation, and trusted that the agreement would be maintained. Recently, staff at National Evaluation Systems spotted the enclosed advertisement from the March 31, 1999 edition of *Education Week*. It shows multiple usages by National Education Service of National Evaluation Systems' registered acronym, NES®, which has become "incontestable" under Federal Trademark Law. Plus, the ad expressly indicates a "collaboration with the NES." That is a false statement which violates several "unfair trade" statutes; and it constitutes trademark infringement.

We would hope that the use of the NES acronym in the advertisement was a mistake, perhaps by new marketing personnel.

NES® would like to remind you of the amicable agreement reached 10 years ago, and requests that National Educational Service immediately stop all usage of "NES" alone or as part of a logo that does not include your company's full name. This includes any inventory in stock.

Alan M. Blankenstein                    -2-                        June 8, 1999

     Kindly provide me with your written assurance by June 21st that such usages have been stopped. Otherwise, I would advise NES® to take further action.

     Should you have any questions, please do not hesitate to contact me.

Sincerely yours,

Donald S. Holland

DSH:km
Enclosures
[91084G19]

# D.G. Elmore

308 Fountain Square
Bloomington, Indiana 47404
Tel. 812.336.1026
Fax 812.332.6263
E-mail dgelmore@ganttravel.com

16 June, 1999

Donald S. Holland
Holland & Bonzagni, P.C.
Longmeadow Professional Park
171 Dwight Road
Longmeadow, MA  01106

Re:  Improper Use of NES

Dear Mr. Holland:

I am receipt of your letter to Mr. Blankstein.  Mr. Blankstein and his partner sold National Educational Service to Mr. Jeff Jones and me in January 1998.  Until your letter, we were not aware of any restrictions on the use of the initials for National Educational Service.

Please be assured that we will not use the initials NES without the use of the full name National Educational Service.

Please call me if you would like to discuss this matter more fully.

Sincerely,

D.G. Elmore

**EXHIBIT**

G

℘JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

National Evaluation Systems, Inc.

## DEFENDANTS

NES, LLC, d/b/a National Educational Service

**(b)** County of Residence of First Listed Plaintiff   Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Monroe County (Indiana)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**05 - 30081 - KPN**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Holland & Bonzagni, P.C., 171 Dwight Road, Longmeadow, MA 01106
413-567-2076

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1114(1)(a) and 15 U.S.C. 1125(a)(1)(A)

Brief description of cause:
Service Mark Infringement, Unfair Competition, Deceptive Trade Practices, Dilution and Breach of Contract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $5,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   4/4/05

SIGNATURE OF ATTORNEY OF RECORD
_Donald S. Holland_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) __National Evaluation Systems, Inc. v. NES, LLC, d/b/a__
   __National Educational Service__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local
   rule 40.1(a)(1)).

   [ ] I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   05 - 30081 - KPN

   [✓] II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   [ ] III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ] IV.    220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                         YES [ ]     NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC
   §2403)
                                                         YES [ ]     NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                         YES [ ]     NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                         YES [ ]     NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                         YES [ ]     NO [✓]

   A.     If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [ ]         Central Division [ ]         Western Division [ ]

   B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
           residing in Massachusetts reside?

   Eastern Division [ ]         Central Division [ ]         Western Division [✓]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)
                                                        YES [ ]     NO [ ]

**(PLEASE TYPE OR PRINT)**
ATTORNEY'S NAME __Donald S. Holland, Holland & Bonzagni, P.C.__

ADDRESS __171 Dwight Road, Longmeadow, MA  01106__

TELEPHONE NO. __413-567-2076__

(CategoryForm.wpd - 2/15/05)