UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
NATIONAL EVALUATION SYSTEMS, )
  INC.,                      )
                             )
              Plaintiff,     )          Civil Action No. 05-30081-KPN
                             )
     v.                      )
                             )
NES, LLC d/b/a NATIONAL      )
  EDUCATIONAL SERVICE,       )
                             )
              Defendant.     )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR EXTENSION
OF TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING**


I.     **INTRODUCTION**

     Defendant, NES, LLC d/b/a National Educational Service ("Defendant") respectfully

submits this memorandum in support of its motion for a 20-day extension of time in which to file

its answer or other responsive pleading, namely, to May 25, 2005. Plaintiff, National Evaluation

Systems, Inc. ("Plaintiff") instituted this action, alleging infringement of its claimed mark

"NES." Without conceding the merits of Plaintiff's claims, Defendant has decided to cease all

use of NES by December 31, 2005 and is in the process of selecting a new trade name and mark,

and has already initiated significant steps to effect the change of its name and mark.

     Defendant advised Plaintiff of its decision to adopt a new name and mark on April 14,

2005, the day before it was served with the complaint. (Declaration of Lana C. Marina "Marina

Dec."). Since that date, the parties have been negotiating the terms of a settlement agreement.

Defendant fully expects Plaintiff to withdraw its complaint shortly, as the controversy between

the parties has been resolved.  The requested extension of time is warranted so that Defendant can continue to focus its efforts on finalizing the settlement agreement.  Defendant is optimistic that the settlement agreement will be finalized within the next 20 days.

Pursuant to this Court's Local Rule 7.1(a)(2), Defendant hereby certifies that it conferred with Plaintiff's counsel to attempt to obtain its consent to the requested 20-day extension. Plaintiff refused to consent to the request. (See Marina Dec).

## II.   ARGUMENT

Plaintiff served its complaint on Defendant on April 15, 2005.  Pursuant to Fed. R. Civ. P. 12, the deadline for Defendant to serve its answer or other responsive pleading is May 5, 2005.  Defendant is timely filing this request for extension pursuant to Fed. R. Civ. P. 6(b)(1).

Defendant submits that it has good cause for the requested extension, under Rule 6(b)(1). Since the date it was served with the complaint, Defendant has concentrated its efforts on drafting a settlement agreement which sets forth the terms of Defendant's agreement to cease use of NES and protects and preserves the interests of both parties in Defendant's transition to its new name and mark.

In its complaint, Plaintiff expressly stated that its "preference" for a remedy is that Defendant be ordered to cease use of the mark NES, indicating that its alternative claim for breach of contract is essentially a throwaway claim:

> 46.   Plaintiff has included this Count V [Breach of Contract] as an alternative argument.  Plaintiff's preference is to stop Defendant's usage of "NES" entirely.  If an injunction is not granted, Plaintiff seeks specific performance for breach of contract, under common law.

(Complaint, ¶ 46).

2

By Defendant's expeditious and responsive agreement to cease use in a timely, complete, and unambiguous manner, Plaintiff has received its preferred remedy and the controversy between the parties has been fully resolved.

Through the parties' settlement, Defendant is agreeing to waive its right to defend itself against Plaintiff's claims. Defendant has used the mark "NES" for 17 years and has built up a significant reservoir of consumer recognition and goodwill in its mark. Although this motion is not the appropriate forum in which to debate the merits of Plaintiff's claims, Defendant clearly has several valid defenses, including laches and acquiescence, and the facts that the companies operate in completely different product markets, and there has been no financial harm to Plaintiff whatsoever from Defendant's historic use of the mark "NES." In view of the foregoing, Defendant seeks to preserve its ability to file an answer or other responsive pleading in the unlikely event that this matter does not settle in the next 20 days.

Plaintiff will not suffer any prejudice whatsoever if the instant request is granted. Plaintiff has received what it asked for – Defendant is changing its name. Plaintiff's refusal to consent to the requested extension appears designed to force Defendant to settle on unfavorable terms. Defendant requests a 20-day extension so that the parties can proceed with settlement negotiations and finalize a mutually acceptable settlement agreement.

3

**III.    CONCLUSION**

For the foregoing reasons, Defendant requests that the deadline for filing its answer be extended to May 25, 2005.

Respectfully submitted,

NES, LLC D/B/A
NATIONAL EDUCATIONAL SERVICE

By its attorneys:

Dated: May 5, 2005

Diane DeGiacomo (BBO# 555930)
David E. Valicenti (BBO# 632980)
CAIN, HIBBARD, MYERS & COOK, P.C.
66 West Street
Pittsfield, MA 01201
Telephone: (413) 443-4771

Of counsel:
Mark A. de Bernardo
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC  20006-3817
Telephone: (202) 282-5760

Virginia R. Richard
Lana C. Marina
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700

4